Brown v. Reinauer Transportation Cos., L.P.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of October, two thousand nineteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                     *Circuit Judges*.

_____

LUCIUS BROWN,

                 *Plaintiff-Counter-Defendant-Appellant*,

                 v.                                          18-3126-cv

REINAUER TRANSPORTATION COMPANIES, L.P.,
REINAUER TRANSPORTATION COMPANIES, LLC,
REINAUER MARITIME COMPANY LLC,
REINAUER MANAGEMENT COMPANY, INC.,

                 *Defendants-Counter-Claimants-Appellees*.

_____

Appearing for Appellant:     Paul T. Hofmann, Hofmann & Schweitzer, New York, N.Y.

Appearing for Appellee:      Gino A. Zonghetti, Kaufman Dolowich Voluck, LLP, Hackensack, N.J.

Appeal from the United States District Court for the Eastern District of New York (Hall, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Lucius Brown appeals from the September 26, 2018 judgment of the United States District Court for the Eastern District of New York (Hall, *J.*) granting summary judgment to the defendants--Reinauer Transportation Companies, L.P., Reinauer Transportation Companies, LLC, Reinauer Maritime Company LLC, and Reinauer Management Company, Inc. (collectively "Reinauer")--on his claims for damages, maintenance, and cure under the Jones Act, 46 U.S.C. § 30104, and unseaworthiness under general maritime law. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This Court reviews an award of summary judgment de novo, with all ambiguities and inferences drawn in favor of the nonmovant. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

On appeal, Brown primarily contests the district court's conclusion that Brown was not able to explain the cause of his fall, and was unable to present anything other than speculation as to the existence of a dangerous condition. The district court found that at his deposition, Brown "merely speculated the cause of his fall." Special App'x at 4. It found that even under the relaxed evidentiary standard afforded by the Jones Act, Brown failed to sufficiently state a claim. The district court found that Brown's affidavit was insufficient to establish circumstantial evidence as to the cause of his fall, because his affidavit "directly contradict[ed] his prior testimony that he did not 'see,' 'know,' or 'feel' what caused him to slip, and that 'to this day' he is 'not sure' of what caused him to slip." Special App'x at 5. The district court found that because the affidavit contradicted his prior testimony, it was not admissible. "Against this backdrop," the district court concluded, "the only admissible evidence offered by [Brown] concerning the cause of his fall is his deposition testimony." Special App'x at 6. Given that his deposition testimony established that Brown had no personal knowledge as to the cause of his fall, "there is no evidence that Defendants' conduct played any part, *even the slightest*, in producing [Plaintiff's] injury." Special App'x at 6-7 (internal quotation marks and citation omitted).

Brown brought claims alleging negligence pursuant to the Jones Act, 46 U.S.C. § 30104, and unseaworthiness under general maritime law. The Jones Act provides that a "seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C. § 30104. The Jones Act places a "distinct duty on the [vessel's] owner to provide a reasonably safe workplace." *Oxley v. City of New York*, 923 F.2d 22, 25 (2d Cir. 1991). "The threshold requirement for establishment of a prima facie case in Jones Act . . . cases is a liberal concept commensurate with the broad remedial purposes of [the Act]." *Diebold v. Moore McCormack Bulk Transp. Lines, Inc.*, 805 F.2d 55, 57 (2d Cir. 1986). To prove negligence under the Jones Act, a plaintiff must establish that there was (1) a dangerous condition on the ship, (2) of which defendant had notice and should have reasonably anticipated could cause injury, that (3) proximately caused the plaintiff's injuries. *Id*. at 58. Even with this lesser burden, "[i]t is well established that summary judgment is warranted where there is an absence of evidence that could justify with reason the conclusion that employer negligence played any part, *even the slightest*, in producing the injury." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 50 (2d Cir. 2004) (internal quotation marks and citation omitted).

Brown also sued on the ground that the barge was unseaworthy. Under general maritime law, unseaworthiness is a claim "based on the vessel owner's duty to ensure the vessel is reasonably fit to be at sea." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001). Strict liability attaches to a shipowner for injuries caused by the vessel's unseaworthy condition. *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 549 (1960). While a shipowner is not "obligated to furnish an accident-free ship," the ship owner does have a duty to "to furnish a vessel and appurtenances reasonably fit for their intended use." *Id.* at 550; *see also Oxley*, 923 F.2d at 24. "Liability for unseaworthiness does not depend either on negligence, or on notice." *Martinez v. United States*, 705 F.2d 658, 660 (2d Cir. 1983) (citations omitted). To prevail on a claim of unseaworthiness, a plaintiff must establish that a vessel was insufficiently or defectively equipped, and that his or her injuries resulted from the unseaworthy condition of the vessel. *Oxley*, 923 F.2d at 26.

It is well settled that "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id.* (internal quotation marks and citation omitted). "Thus, factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not genuine issues for trial." *Id.* (internal quotation marks and citation omitted). There are two exceptions to this rule: when "an issue was not fully explored in the deposition, or the deponents' responses were ambiguous." *Giliani v. GNOC Corp.*, 04–CV–2935 (ILG), 2006 WL 1120602, at *3 (E.D.N.Y. Apr. 26, 2006) (citing *Palazzo v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000)). Further, "where a party's conflicting affidavit statements are corroborated by other evidence, the affidavit may be admissible, since the concern that the affidavit is a 'sham' is alleviated." *Id.*

The district court correctly concluded that Brown's affidavit contradicted his deposition testimony that he was unaware of the cause of his fall. Brown's affidavit that he "believe[s] that the deck was merely wet where [his] feet slipped, not ice covered, although it appears there was some ice on the deck near where [he] fell." App'x at 549 ¶ 11. Brown also averred that:

> Where I slipped it was very slippery, and not like a well-painted deck with a proper non-skid coating. Possibly, there may have been some refrozen snow melt (also known as clear "black ice") where my one foot slipped, but I don't believe so. In any event, my other foot also slipped next after the first foot slipped, and that foot I believe was on the wet painted deck with no ice or snow covering it. I slipped because the deck paint under that foot also did not provide me with sufficient friction to keep that foot from also slipping.

App'x at 557 ¶ 62. This is in direct conflict with Brown's deposition testimony, where he offered no theory as to why he slipped. His testimony was given during extensive questioning regarding

3

the snow storm, the snow clearing and the condition of the deck. Brown testified during his deposition that he was in the area where he slipped for roughly an hour and he did not slip at all, and he did not see any ice that needed to be salted.

We have considered the remainder of Brown's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk